# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KIRK F. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 22-1061-JWL** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This case is before the court on the motion of the Acting Commissioner of Social

Security (hereinafter Commissioner) to dismiss Plaintiff's complaint pursuant to Fed. R.

Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 10) (hereinafter Comm'r

Mot.).  Plaintiff, who appears pro se,[1] Plaintiff has not responded to the Commissioner's

motion and it is more than a week past the response deadline.  The Commissioner's

---

[1] Because he appears pro se, the court construes Plaintiff's pleadings and briefs
liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun.
Corp., 565 F.3d 1252, 1254 (10th Cir. 2009).  But the court will not assume the role of
advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir.
2005).

motion is now ripe for decision.  The court finds that it is without subject matter jurisdiction and ORDERS that the Complaint shall be dismissed.

## I.    Background

Plaintiff seeks judicial review of a decision of the Commissioner made on February 04, 2022.  (Doc. 1, Attach. 1) (hereinafter Complaint).  The decision for which the plaintiff seeks judicial review is a "Notice of Disapproved Claims," dated February 04, 2022.  (Complaint, Attach. 1) See also (Comm'r Mot. Attach. 1, Exhibit 3).  The Commissioner argues that there has been no final decision in this case as required by 42 U.S.C. § 405(g), and consequently the court is without jurisdiction to review the initial level decision at issue in this case.  (Comm'r Mot. 2-4).

Along with her Motion to Dismiss, the Commissioner filed the "Declaration of Janay Podraza," the Chief of the Social Security's Court Case Preparation and Review Branch 2, and the Declaration includes documents regarding the proceedings before the Commissioner.  (Comm'r Mot.) (Attach. 1).  Those documents include the Notice of Disapproved Claims issued by the Commissioner on February 04, 2022.  (Attach. 1, pp.37-40).  The Declaration asserts that Social Security Administration records show Plaintiff filed applications for disability insurance benefits pursuant to Title II of the Social Security Act and for supplemental security income benefits pursuant to Title XVI of the Social Security Act on May 18, 2021, and May 24, 2021, respectively and the applications were denied at the initial level by the notice dated February 04, 2021. (Attach. 1, pp.37-40).  It asserts that the "Notice of Disapproved Claims" informed

2

Plaintiff if he disagreed with the decision he must appeal the decision within sixty days.

Id. at 3.  The notice states,

> You have 60 days to ask for an appeal.
>
> ***
>
> You have to ask for an appeal in writing.  We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration."  You may contact one of our offices or call 1-800-772-1213 to request this form.  Or you may complete this form online at http://www.socialsecurity.gov/disability/ appeal.  Contact one of our offices if you want help.

(Comm'r Mot., Attach. 1, p.39).

"[A] motion under Rule 12(b)(1) 'may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295 (10th Cir. 2003) (hereinafter Davis v. U.S.) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)).  The court in Davis v. U.S. held that, "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'  'In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" Davis v. U.S., 343 F.3d at 1296 (quoting Holt, 46 F.3d at 1003) (brackets in Davis).  Therefore, the court considers the "Declaration of Janay Podraza" and the documents attached to it when deciding this motion.

The sole basis for federal court jurisdiction in Social Security cases arises under 42 U.S.C. § 405(g).  Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir. 1998) (citing Reed v. Heckler, 756 F.2d 799, 782 (10th Cir. 1985)).  As explained in Reed, 42 U.S.C. § 405(h) bars federal question jurisdiction in suits challenging denial of claimed Social Security benefits.  Reed, 756 F.2d at 782 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)).  Therefore, 42 U.S.C. § 405(g) provides the only means of judicial review of such claims.  Mathews v. Eldridge, 424 U.S. 319, 327 (1976).  In 1977, the Supreme Court further held that the Administrative Procedures Act does not provide an implied grant of subject-matter jurisdiction for review of the actions of the Social Security Administration.  Califano v. Sanders, 430 U.S. 99, 107 (1977).

The Social Security Act provides that federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); see also § 405(h) ("No findings of fact or decision of the Commissioner ... shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the term "final decision" is not defined in the statute, "its meaning is left to the [Commissioner] to flesh out by regulation." Salfi, 422 U.S. at 766.  A decision of the Commissioner is not final unless the claimant first exhausts his administrative remedies.  20 C.F.R. §§ 404.900(a), 416.1400(a); see Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir.1993); see also Califano, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]....").

The Commissioner's "Notice of Disapproved Claims" explained to Plaintiff that he had "the right to appeal," and that his appeal was to be filed on a paper form SSA-561-U2 or online within sixty days after he received the notice. (Complaint, Attach. 1, p.39). Instead of filing an appeal with a Social Security office, Plaintiff chose to file this action with the court. Consequently, he failed to exhaust his administrative remedies before the Social Security Administration.

A claimant may be excused from the exhaustion requirement if he states a colorable constitutional claim. Mathews, 424 U.S. at 330-32. Plaintiff has not alleged, and the court sees no basis for a constitutional claim in this case. Therefore the court is without subject matter jurisdiction in this case, and it must be dismissed.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 10) is GRANTED and this case is DISMISSED.

Copies of this order shall be provided to Plaintiff by mail and to counsel of record for the Commissioner through the court's CM/ECF system.

Dated July 29, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

5